BENJAMIN B. WAGNER
United States Attorney
HEATHER MARDEL JONES
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000 Telephone
(559) 497-4099 Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-CV-01659-AWI-GSA |
| Plaintiff, | **DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| REAL PROPERTY LOCATED AT 19650 ROAD 232, STRATHMORE, CALIFORNIA, TULARE COUNTY APN: 215-060-002, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

This matter is before the Court on Plaintiff United States' *Ex Parte* Motion to Strike the Claim of Luz Villalvazo and for Default Judgment and Final Judgment of Forfeiture, filed February 8, 2013. The Magistrate Judge has recommended that the United States' Motion to Strike and for Default Judgment be GRANTED. The time for objecting to the Findings and Recommendations Granting the United States' Motion to Strike the Claim and Answer of Luz Villalvazo, and Recommending that the United States' Motion for Default Judgment be Granted [ECF No. 52] has passed and no timely objections have been filed. An Order Adopting Findings and Recommendations was filed on August 16, 2013 [ECF No. 53]. Based on the Magistrate Judge's Findings and Recommendations Granting the United States' Motion to Strike the Claim and Answer of Luz Villalvazo, and

1  Default Judgment and Final Judgment of Forfeiture

Recommending that the United States' Motion for Default Judgment be Granted [ECF No. 52] ,the Order Adopting Findings and Recommendations [ECF No. 53], and the files and records of the Court, it is

ORDERED AND DECREED:

1. After a de novo review, the Court adopts the Magistrate Judge's July 15, 2013, Findings and Recommendations Granting the United States' Motion to Strike the Claim and Answer of Luz Villalvazo and Recommending that the United States' Motion for Default Judgment be GRANTED In Full.

2. The United States' Motion to Strike the Claim and Answer of Luz Elena Villalvazo is GRANTED.

3. The Clerk is hereby directed to strike the Claim of Luz Elena Villalvazo filed on November 12, 2009, and strike the Answer filed on October 29, 2011, with respect to Luz Elena Villalvazo only.

4. Luz Elena Villalvazo is hereby held in Default.

5. The Clerk is hereby directed to enter a Clerk's Entry of Default against the any right, title, or interest in the defendant property located in Tulare County, commonly known as 19650 Road 232, Strathmore, California, APN: 215-060-002 (hereafter "the defendant real property") held by Luz Elena Villalvazo.

6. A Judgment of Default is hereby entered against any right, title, or interest in the defendant real property located in Tulare County, commonly known as 19650 Road 232, Strathmore, California, APN: 215-060-002, of Luz Elena Villalvazo and all other potential claimants who have not filed claims in this action.

7. A final judgment is hereby entered forfeiting all right, title, and interest in the defendant real property to the United States of America, to be disposed of according to law, including all right, title, and interest of Luz Elena Villalvazo, subject to the interest of Claimant Ramon Contreras as set forth in the Stipulation for Final Judgment of Forfeiture filed on April 15, 2013.

8. Title to the defendant real property shall vest solely in the name of the United

1  States of America, subject to the interest of Claimant Ramon Contreras as set forth in the
2  Stipulation for Final Judgment of Forfeiture filed on April 15, 2013.

3      9.    The U.S. Marshals Service shall list the defendant real property for sale.  The
4  U.S. Marshals Service shall have sole authority to select the means of sale, including sale
5  by internet or through a licensed real estate broker, and shall have sole authority over the
6  marketing and sale of the defendant real property.

7      10.    If necessary, the U.S. Marshals Service shall have the defendant real property
8  appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the
9  appraiser may have access to the defendant real property and structures, buildings, or
10 storage sheds thereon upon 24 hours telephonic notice.

11     11.    If necessary, the U.S. Marshals Service, and any real estate broker employed
12 by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to
13 facilitate the marketing and sale of the property.

14     12.    The following costs, expenses, and distributions shall be paid in escrow from
15 the gross sales price in the following priority and to the extent funds are available:

16     a.    The costs incurred by the U.S. Marshals Service to the date of close of
17         escrow, including the cost of posting, service, advertising, and
18         maintenance.

19     b.    Any unpaid real property taxes.

20     c.    A real estate commission not to exceed the U.S. Marshals Service
21         contractual brokerage fee.

22     d.    Any county transfer taxes.

23     e.    To the United States of America: ninety-five percent (95%) of the net
24         proceeds from the sale of the real property.  All right, title, and interest
25         in said funds shall be substituted for the defendant real property and
26         forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be
27         disposed of according to law.

28     f.    To claimant Ramon Contreras:  five percent (5%) of the net proceeds

from the sale of the defendant real property.

13. Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of the United States' *lis pendens* on September 23, 2009, and prior to the close of escrow may be paid out of escrow at the United States' sole discretion.

14. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

15. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real property.

16. Each party to this stipulation shall execute all documents necessary to close escrow, and which are otherwise required.

17. Claimant Ramon Contreras does not currently reside at the defendant real property. However, until the close of escrow and sale of the defendant real property, Claimant Ramon Contreras shall maintain all insurance policies currently in effect with respect to the defendant real property, including policies covering liability to persons injured on said property and for property damage to the defendant real property, and pay all property taxes and other expenses related to the maintenance of the property.

18. Until the close of escrow and sale of the defendant real property, the U.S. Marshals Service personnel, or its agent(s), shall be authorized to enter and inspect the property and all buildings thereon upon 24 hours telephonic notice.

19. Except as specifically provided herein, Claimant Ramon Contreras shall not convey, transfer, encumber, lien, or otherwise pledge the defendant real property without the prior, written approval of the United States.

20. Claimant Ramon Contreras and all others occupying the defendant real property shall vacate the defendant real property upon 72 hours notice by the U.S. Marshals Service. The U.S. Marshals Service shall not give the occupants notice to vacate sooner than 72 hours after entry of the Final Judgment of Forfeiture. Claimant Ramon Contreras shall make arrangements for the removal of all personal possessions, and the

personal possessions of any other occupant, including all vehicles, furniture, and trash, and will leave the property clean and in the same state of repair as the property was on the date it was posted.  Any and all personal possessions, belonging to the Claimant Ramon Contreras or of any current or former occupant or any other person, not removed within 72 hours of the notice to vacate, will be considered abandoned by law and disposed of by the United States without further notice.  Any cost incurred by the United States to evict occupants or for disposal of personal possessions shall be deducted from the net proceeds payment to Claimant Ramon Contreras as set forth above.

21. All parties shall bear their own costs and attorney's fees.

22. The Court shall maintain jurisdiction to enforce the terms of the Default Judgment and Final Judgment of Forfeiture.

23. The Clerk shall administratively close this case.

IT IS SO ORDERED.

Dated:   August 26, 2013                                         _____
                                                                                    SENIOR  DISTRICT  JUDGE